IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jesus M. Herrera, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| v. | ) | |
| | ) | |
| MDU Resources Group, | ) | Case No.: 1:22-cv-00114 |
| | ) | |
| Defendant. | ) | |

On August 7, 2023, Defendant MDU Resources Group ("MDU") filed a *Motion for Summary Judgment*. (Doc. No. 36). MDU asserts that Plaintiff Jesus M. Herrera's ("Herrera") claim is time-barred by the applicable statute of limitations and N.D.C.C. § 28-01-25 does not apply as a toll. (*Id.*). Herrera opposes MDU's motion for summary judgment, asserting the statute of limitations was tolled, and his claim is not barred. (Doc. No. 45).

I.   BACKGROUND

The following facts are taken from the parties' motions, pleadings, and supporting memoranda. The facts are presumed true for purposes of this order.

On April 10, 2013, Herrera was employed at Denny's Electric & Motor Repair Inc. when he allegedly suffered a severe electrical shock after striking underground electric lines while operating heavy equipment for an excavation project. (Doc. No. 37).

Over nine years after the incident, Herrera asserts MDU was negligent in its investigation as it reported to Denny's Electric & Motor Repair Inc. that there were no electric hazards at the well site. (*Id.*).

Herrera contends he "has been since the time of the injuries suffered by him on April 10 2013 mentally incompetent to make appropriate and necessary decisions or to adequately be able

to participate in the making of decisions to pursue his claims against [MDU]." (Doc. No. 4). He further argues that pursuant to N.D.C.C. § 28-01-05, the statute of limitations should be tolled as his mental state and ability constitute "insanity." (Doc. No. 4; 37).

II. **LEGAL STANDARD**

The relevant legal standard under which the court considers summary judgment is under Rule 56 of the Federal Rules of Civil Procedure. This rule states:

> A party may move for summary judgment, identifying each claim or defense- or the part of each claim or defense- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

FED. R. CIV. P. 56(a).

This standard provides that the existence of an alleged dispute does not defeat a motion for summary judgment, rather, the rule requires there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). After a moving party meets its burden of showing there is no genuine issue of material fact, the non-moving party must set forth specific facts upon which provide that a genuine issue of material fact exists. *Krein v. DBA Corp.*, 327 F.3d 723, 726 (8th Cir. 2003); *see also Stone Motor Co. v. General Motors, Corp.* 293 F.3d 456, 465 (8th Cir. 2002). The court is required to view the evidence in the light most favorable to the nonmoving party. *Shelters Ins. Companies v. Hildreth*, 255 F.3d 921, 924 (8th Cir. 2001). "Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"[I]n diversity actions, Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations." *Walker v. Armco*

*Steel Corp.*, 446 U.S. 740, 751 (1980). Accordingly, North Dakota substantive law, including its statute of limitations, applies.

In personal injury actions, North Dakota provides for a six-year statute of limitations. N.D.C.C. § 28-01-16(5). The cause of action accrues when the aggrieved party discovers the facts which constitute the basis for the cause of action. *Hebron Pub. Sch. Dist. No. 13 v. Morton Cnty.*, 475 N.W.2d 120, 121-26 (N.D. 1991). There is an exception to the statute of limitations for specific disabilities under N.D.C.C. § 28-01-25, which states:

> If a person who is entitled to bring an action other than for the recovery of real property, or for a penalty or forfeiture, or against a sheriff or other officer for an escape is:
> 1. Under the age of eighteen years;
> 2. Insane; or
> 3. Imprisoned on a criminal charge or in execution under the sentence of a criminal court for a term of less than for life,
>
> at the time the claim for relief accrues, the time of such disability is not a part of the time limited for the commencement of the action. However, the period within which the action must be brought cannot be extended more than five years by any such disability except infancy, nor can it be extended in any case longer than one year after the disability ceases. In cases alleging professional malpractice, the extension of the limitation due to infancy is limited to twelve years.

N.D.C.C. § 28-01-25.

## III.   DISCUSSION

Herrera contends that the statute of limitations should be tolled under N.D.C.C. § 28-01-25 due to his mental state and ability since the time of the April 10, 2013, incident. N.D.C.C. § 28-01-25(2) provides for the tolling of a statute of limitations when a person is "[i]nsane… at the time the claim for relief accrues." The North Dakota Supreme Court has adopted the definition of "insane" as follows:

> California, a state having a similar disability extension statute with a common historical origination, has construed the term 'insane' to mean a person having an unsound mind or having a mental condition rendering that person incapable of comprehending legal rights. We agree with California that this is an appropriate and useful definition of the term 'insane' for the use under these limitation statutes.

3

> Herein, we use the phrase 'mentally incompetent' interchangeably with the term insanity.

*BASF Corp. v. Symington*, 512 N.W.2d 692, 695 n.2 (N.D. 1994) (internal citations omitted). In this case, it is apparent that the cause for action arose on April 10, 2013, when the injury occurred. *See Burns v. Barfield*, No. 4:13-CV-082, 2014 WL 11531333, at *2 (D.N.D. Nov. 24, 2014) (finding the cause of action arose on the date the accident and corresponding injury occurred). Accordingly, Herrera must have commenced this action by April 10, 2019, to be in compliance with the six (6) year statute of limitations.

Herrera argues the statute of limitations should be tolled as he was insane. In applying the plain language of the statute, Herrera must have been insane at the time the relief accrued, on April 10, 2023. *See* N.D.C.C. § 28-01-25(2); *cf. BASF Corp.*, 512 N.W.2d at 695 ("[I]f the claimant is insane when the claim for relief accrues, the time limited for bringing the claim does not include the period of insanity."). He also must have been rendered incapable of comprehending legal rights. *See BASF Corp.*, 512 N.W.2d at 695 n.2. While the court acknowledges the Affidavit[1] provided by Herrera's mother, the Print Minute Orders, Order Appointing Court Liaison and Order Appointing Guardian Ad Litem (Doc. Nos. 45-1-45-2), and their representation that Herrera has been deemed incompetent in another court, the documents do not show that Herrera was insane at the time the relief accrued.[2] Moreover, there are several occasions after the incident which reflect Herrera asserting his legal rights. These include:

> Herrera's pursuit of benefits through North Dakota Workforce Safety and Insurance (2013-2014); retaining counsel to apply for social security disability benefits (dated

---

[1] The court questions why this action was filed in Herrera's name and not through a guardian acting on behalf of Herrera when Herrera's mother states in paragraph six (6) of her Affidavit that "[h]e has been and remains incompetent to handle or to make decisions regarding his legal affairs." (Doc. No. 45-1).
[2] The Print Minute Order has a filing date of July 25, 2023, the Order Appointing Court Liaison has a filing date of July 26, 2023, and the Order Appointing Guardian Ad Litem has a filing date of November 23, 2018- all of which are irrelevant to the time at which the claim for relief accrued.

      August 30, 2013, and September 30, 2013), and Herrera's application for Social Security disability benefits (May 2014).

(Doc. Nos. 38-1-38-4).

The court also takes note of the mother's statement in paragraph six (6) of the Affidavit in which Herrera has been party to a domestic relations case since 2013 but was not appointed a guardian ad litem ("GAL") until after parenting time and visitation issues came before the court in 2017. (Doc. No. 45-1). The court has limited information on this matter, but questions whether Herrera asserted his legal rights from 2013 until the competency hearing and appointment of the GAL.

      The alleged accident occurred on April 10, 2013, and this action must have commenced on or before April 10, 2019. Herrera brought his claim approximately three (3) years after the statute of limitations had expired. Based on the evidence presented to the court, the court is persuaded that there is no material dispute that would result in a reasonable jury concluding that the statute of limitations should be tolled under N.D.C.C. § 28-01-25(2). *See Krein v. DBA Corp.*, 327 F.3d 723, 729 (8th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, the action is barred by the statute of limitations and MDU is entitled to summary judgment.

IV. **CONCLUSION**

      For the reasons articulated above, the court **GRANTS** MDU's *Motion for Summary Judgment*. (Doc. No. 36).

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2024.

                                                      */s/ Clare R. Hochhalter*
                                                      Clare R. Hochhalter, Magistrate Judge
                                                      United States District Court